UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL ACTION |
| ) | NO. 05-1676-CBS |
| SAMNANG AM, ) | |
| Defendant, ) | |

**MEMORANDUM OF PROBABLE CAUSE AND**
**ORDER OF DETENTION**
**August 4, 2005**

**SWARTWOOD, C.M.J.**

I.  Nature of the Offense and the Government's Motion

On July 6, 2005, a Criminal Complaint was filed, charging Samnang Am ("Mr. Am") with knowingly and willingly possessing a firearm which has moved in interstate commerce while being a convicted felon, in violation of 18 U.S.C. §922(g)(1).

At Mr. Am's initial appearance on July 20, 2005, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§3142(f)(1)(A)(crime of violence),(f)(1)(D)((Mr. Am is charged with a felony and has been convicted of two or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1), or two or more state or local offenses that would have been offenses described in paragraphs

(A) through (C) of such section if federal jurisdiction had existed)), and (f)(2)(A)(risk of flight).

With the consent of Mr. Am, a consolidated probable cause/detention hearing was scheduled for July 28, 2005 and then continued until August 3, 2005. A hearing was held on August 3, 2005, and at this hearing, John L. Kelter, Special Agent with the Bureau of Alcohol, Firearms and Tobacco, testified on behalf of the Government and was cross-examined by Mr. Am's counsel.

At the conclusion of the hearing, Mr. Am, who had not been interviewed by Pretrial Services, assented to an Order of Detention, but reserved his right to re-open the detention portion of the hearing upon a showing that there are new facts which were not known and/or available to his counsel at the time of this hearing.

## II.  Findings of Fact

1. On May 26, 2005, at approximately 7:00 p.m., Sargent Michael Vail and Officer Michael Kmiec of the Lynn Police Department were on patrol in a marked cruiser when they observed Mr. Am walking in a southerly direction.

2. Sargent Vail knew that Mr. Am was a member of a street gang known as the "Oriental Street Boys" and was a possible suspect in a recent shooting that had occurred in Lynn. Sargent Vail also knew that Mr. Am had previously been arrested on firearm charges

and that he did not have a license to carry a firearm in Massachusetts.

3. Sargent Vail and Officer Kmiec pulled up near Mr. Am and attempted to speak with him. Mr. Am turned around and began walking toward the officers' car and as he did so, put his right hand into his front pants pocket. Sargent Vail told Mr. Am to take his hand out of his pocket and asked him if he had any weapons on his person. Mr. Am responded "I'm strapped". Sargent Vail and Officer Kmiec interpreted Mr. Am's response to mean that he was in possession of a firearm.

4. The officers then took control of Mr. Am in order to determine if he was in possession of a firearm. As the officers began a pat frisk of Mr. Am, they asked him where the weapon was. He told them it was in his left front pocket. Officer Kmiec then pat frisked Mr. Am's left front pocket and felt a hard object which he believed to be a firearm. Officer Kmiec then reached into Mr. Am's left front pocket and retrieved an FIE Titan .25 caliber pistol containing six rounds of ammunition in the magazine.

5. Mr. Am was then arrested for carrying/possessing a firearm without being licensed to do so.

6. The firearm taken from Mr. Am was not manufactured in Massachusetts.

7. On January 29, 2004, Mr. Am was convicted of assault and battery in the Lynn District Court for which he was sentenced to

five months incarceration. On February 2, 2004, Mr. Am was convicted of assault and battery (two counts) in the Salem District Court for which he received a split sentence with four months committed and the balance suspended until February 2, 2005.

### III. Probable Cause

Mr. Am was found in possession of a firearm which was manufactured outside of Massachusetts. Mr. Am has at least one prior felony conviction. Therefore, I find that there exists probable cause for the offense charged against him in this Complaint.

### IV. Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Mr. Samnang Am be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Samnang Am be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Samnang Am is detained and confined shall deliver Mr. Samnang Am to an authorized Deputy

United States Marshal for the purpose of any appearance in connection with a court proceeding.

### RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE