UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 05-10226-RWZ

SAMNANG AM

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER

May 14, 2013

ZOBEL, D.J.

Petitioner Samnang Am pleaded guilty to one count of violating 18 U.S.C.
§ 922(g)(1) by being a felon in possession of a firearm. Based on his criminal record,
he was sentenced to a mandatory minimum of fifteen years' imprisonment, as required
by the Armed Career Criminal Act ("ACCA"). See 18 U.S.C. § 924(e)(1). Petitioner has
now moved to vacate his sentence under 28 U.S.C. § 2255, arguing that the sentencing
court erred in applying ACCA. He further asserts that his counsel was ineffective.

I.      Background

On May 26, 2005, petitioner was stopped and frisked by the police, who found a
gun in his front left pants pocket. He was subsequently charged with being a felon in
possession of a firearm. Petitioner moved to suppress the gun, arguing that the police
frisk violated his Fourth Amendment rights; this court denied the suppression motion.
Petitioner then entered a conditional guilty plea, reserving his right to appeal the denial
of his suppression motion.

Petitioner's presentence report indicated that he was subject to ACCA's mandatory fifteen-year minimum, based on three predicate offenses on separate occasions:

(1) A 1997 juvenile conviction for assault with a dangerous weapon (a knife);

(2) A 2004 conviction for assault and battery ("A&B");

(3) A 2004 conviction for two counts of assault and battery on a correctional officer ("ABCO").

Petitioner objected to counting the 1997 conviction as an ACCA predicate offense on the ground that the court documents did not establish the dangerous weapon at issue was a knife. This court rejected that argument, found that petitioner qualified for ACCA's fifteen-year mandatory minimum, and sentenced him to that mandatory minimum term.[1]

On appeal, the First Circuit affirmed both this court's denial of the motion to suppress and also its determination that the 1997 conviction was an ACCA predicate offense. It therefore upheld petitioner's fifteen-year sentence. Petitioner sought certiorari from the Supreme Court, which was denied on March 1, 2010.

On May 9, 2011, petitioner filed the instant § 2255 motion. Proceeding pro se, he argues that neither his 2004 A&B conviction nor his 2004 ABCO convictions should qualify as ACCA predicate offenses. He also argues that his trial counsel and appellate counsel were ineffective for failing to raise these same arguments earlier.

---

[1] Petitioner states in his § 2255 motion that he was informed at his plea colloquy that his maximum sentence was ten years of imprisonment. Despite the alleged discrepancy between that information and his fifteen-year sentence, he does not assert that his plea was ignorant or involuntary.

## II.    Analysis

Petitioner seeks relief under 28 U.S.C. § 2255, under which a federal prisoner

may move to vacate his sentence "upon the ground that the sentence was imposed in

violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the

maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

§ 2255(a). He bears the burden of proving that he is entitled to relief. David v. United

States, 134 F.3d 470, 474 (1st Cir. 1998).

### A.    Timeliness

Petitioner's first challenge is to show that his petition was timely. A motion under

§ 2255 is subject to a one-year period of limitation, running in this case from the date

on which petitioner's conviction became final. See 28 U.S.C. § 2255(f)(1).[2] That date is

March 1, 2010, the day on which the Supreme Court denied certiorari on petitioner's

direct appeal.

The § 2255 motion was apparently filed on May 3, 2011. See Morales-Rivera v.

United States, 184 F.3d 109 (1999) (pro se prisoner's § 2255 motion is filed on the date

that it is deposited in the prison's legal mail system).[3] That was some sixty-three days

after March 1, 2011, when the limitation period would normally have expired.

However, the limitation period in § 2255(f) is not jurisdictional; it is subject to

---

[2] To the extent petitioner asserts his period of limitation should run from a later date, this court finds his arguments unpersuasive.

[3] The motion was docketed electronically on May 9, 2011. This six-day difference does not affect the analysis.

3

equitable tolling in appropriate circumstances. <u>Ramos-Martinez v. United States</u>, 638 F.3d 315, 321-22 (1st Cir. 2011). To show that equitable tolling is appropriate, a petitioner must demonstrate that he has been pursuing his rights diligently but was prevented from timely filing by extraordinary circumstances. <u>Id.</u> at 323. The inquiry is a fact-intensive one, made case-by-case. <u>Id.</u>

Here, petitioner asserts that equitable tolling is appropriate because he was "placed into holding" during the limitation period, and was denied all access to his legal papers between mid-June 2010 and January 2011 while being transferred to a different prison facility. Docket # 69 (Pet.) at 13. He has sworn to these facts under penalty of perjury in his petition. Furthermore, the record reflects that petitioner sent a letter to this court on October 7, 2010, in which he sought to extend the time available to file his § 2255 motion; as grounds, he stated that he was waiting to be transferred and "it can take anywhere from 60 to 90 days" for the prison system to transfer legal papers. Docket #68 at 1.[4] Finally, petitioner has submitted a prison record explaining his transfer status during this period. While the court is not sufficiently informed to understand all of the notations appearing on that document, it seems to support petitioner's equitable tolling argument.

Based on this evidence, petitioner has made a strong prima facie showing that equitable tolling is appropriate here. That showing is sufficient to warrant an evidentiary hearing on the issue if the government does not concede equitable tolling is justified.

---

[4] Procedurally, a petitioner should not ask the court to extend the time within which to file a § 2255 motion. If circumstances make a timely motion impossible, the petitioner should simply file an untimely motion and explain the grounds for equitable tolling—as petitioner eventually did here.

See Ramos-Martinez, 638 F.3d at 323-26 (remanding for an evidentiary hearing on equitable tolling). The government shall therefore inform the court within twenty-one days whether it concedes that petitioner is entitled to equitable tolling such that his petition is timely. If the government does not so concede, the court will appoint counsel for petitioner and schedule an evidentiary hearing on the issue. See Rule 8(c) of the Rules Governing Section 2255 Proceedings.

**B.    Procedural Default**

Next, petitioner must show that he is not barred by procedural default from raising his claims. In general, the procedural default rule holds that "claims not raised on direct appeal may not be raised on collateral review." Massaro v. United States, 538 U.S. 500, 504 (2003). A petitioner can only overcome a procedural default by demonstrating either that he is actually innocent,[5] or that he had cause for the default and suffered actual prejudice. See Bousley v. United States, 523 U.S. 614, 622 (1998).

Petitioner admittedly did not argue on direct appeal that his A&B and ABCO convictions should not count as ACCA predicate offenses. However, he has adequately demonstrated cause and prejudice as to his A&B conviction.

**1.    Cause**

As the Supreme Court has recognized, a petitioner may show cause by demonstrating that there was "no reasonable basis in existing law" for the claim at the

---

[5] It remains an open question whether the actual innocence test can be applied to noncapital sentences. See Gibbs v. United States, 655 F.3d 473, 477-78 (6th Cir. 2011) (noting circuit split). Because petitioner has shown relief may be available on other grounds, however, I need not address that question here. See Dretke v. Haley, 541 U.S. 386 (2004) (court may not consider whether a petitioner has demonstrated actual innocence until it has looked to all other alternative grounds for relief).

time of the default. <u>Reed v. Ross</u>, 468 U.S. 1, 14-16 (1984). Without that rule, defense

counsel would be "obliged to raise and argue every conceivable constitutional claim, no

matter how far fetched, in order to preserve a right for post-conviction relief upon some

future, unforeseen development in the law." <u>Id.</u> (quoting <u>Ross v. Reed</u>, 704 F.2d 705,

708 (4th Cir. 1983)); <u>see also</u> <u>Engle v. Isaac</u>, 456 U.S. 107, 131 (1982) ("We might

hesitate to adopt a rule that would require trial counsel . . . to object to every aspect of

the proceedings in the hope that some aspect might mask a latent constitutional

claim."). The rule thus preserves the efficient operation of trial and direct appeal, by

excusing defendants from raising claims that cannot succeed under existing law.

In <u>United States v. Mangos</u>, 134 F.3d 460 (1st Cir. 1998), the First Circuit held

that a conviction under the generic Massachusetts assault and battery statute qualifies

as a "crime of violence" under the career offender sentencing guideline. <u>See id.</u> at 463-

64. By extension, a generic A&B conviction was also considered a "violent felony" and

so counted as an ACCA predicate offense. <u>See</u> <u>United States v. Estevez</u>, 419 F.3d 77,

82 (1st Cir. 2005); <u>see also</u> <u>United States v. Willings</u>, 588 F.3d 56, 58 n.2 (1st Cir.

2009) (noting that the terms "crime of violence" in the career offender sentencing

guideline and "violent felony" in ACCA are similar, and "decisions construing one term

inform the construction of the other"). But in <u>Johnson v. United States</u>, 559 U.S. 133

(2010), the Supreme Court held that a conviction for simple battery under a similar

Florida statute did not qualify as an ACCA predicate offense. In light of that decision,

the First Circuit announced that <u>Mangos</u> was no longer good law, and that the

boilerplate charging language "did assault and beat" no longer establishes that a

6

generic Massachusetts A&B conviction qualifies as a violent felony. United States v.

Holloway, 630 F.3d 252, 254-55 (1st Cir. 2011).

Throughout petitioner's sentencing and direct appeal, the First Circuit's decision

in Mangos firmly established that his generic A&B conviction qualified as an ACCA

predicate offense. No court cast doubt on that rule until the Supreme Court decided

Johnson on March 2, 2010—the day after petitioner's conviction became final. And the

First Circuit did not announce that Mangos had been abrogated until some ten months

after that. See Holloway, 630 F.3d 252. During his entire sentencing and direct appeal,

then, petitioner had no reasonable basis in existing law for the claim that ACCA did not

count his A&B conviction.[6] He therefore had sufficient cause for his failure to raise that

claim. Ross, 468 U.S. at 16.[7]

### 2.    Prejudice

To show prejudice, petitioner must demonstrate that the asserted error "worked

to his actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170

(1982) (emphasis omitted). Here, that question is intertwined with the merits of

petitioner's claims, discussed in the next section.

### C.    Merits

Two of petitioner's claims plainly fail on the merits. First, petitioner claims that

his trial counsel and appellate counsel were ineffective for failing to argue that his A&B

---

[6] Moreover, there is no indication that petitioner consciously elected not to pursue this claim for some strategic reason. Cf. Smith v. Murray, 477 U.S. 527, 534-35 (1986) (petitioner cannot show cause if he recognized a possible claim but intentionally chose not to pursue it).

[7] As discussed below, there is no merit to either petitioner's ineffective assistance claim or his claim that ACCA did not count his ABCO convictions. The court therefore need not address whether petitioner has shown cause for his failure to raise these claims.

and ABCO convictions were not ACCA predicate offenses. But as discussed above, there was no reasonable basis in existing law for that argument during petitioner's sentencing and direct appeal. Therefore, petitioner's counsel did not fall below an objective standard of reasonable competence by failing to raise those claims. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984); see also Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) ("[A]n attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law.").

Second, petitioner claims that his ABCO convictions should not qualify as an ACCA predicate offense in light of Johnson and Holloway. But the First Circuit has recently rejected similar arguments, holding that even after Holloway a Massachusetts conviction for assault and battery on a police officer remains an ACCA predicate offense. United States v. Dancy, 640 F.3d 455 (1st Cir. 2011). Moreover, it has extended the same logic to ABCO convictions, finding them to be crimes of violence under the career offender sentencing guideline. United States v. Jonas, 689 F.3d 83 (1st Cir. 2012). Under these precedents, petitioner's ABCO convictions were correctly counted as an ACCA predicate offense.[8]

That leaves only petitioner's claim that his simple A&B conviction should not have counted as an ACCA predicate offense. That claim apparently has merit.

As Holloway explained, the simple assault and battery statute in Massachusetts "encompasses three types of battery: (1) harmful battery; (2) offensive battery; and (3)

---

[8] Although petitioner was convicted of two counts of ABCO in 2004, the two counts apparently both stemmed from a single incident. As such, they only count as a single ACCA predicate offense, since ACCA requires "three previous convictions . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

8

reckless battery." 630 F.3d at 257 (citing <u>Commonwealth v. Boyd</u>, 897 N.E.2d 71, 76

(Mass. App. Ct. 2008); <u>see</u> Mass. Gen. Laws. ch. 265, § 13A. Reckless battery "is

categorically not a violent felony" for ACCA purposes. <u>Holloway</u>, 630 F.3d at 262.

Because the simple assault and battery statute covers multiple offenses, at least one of

which does not qualify as a violent felony under ACCA, a sentencing court must identify

which type of battery served as the offense of conviction. <u>See id.</u> at 257. To make that

determination, the court may only refer to "the terms of the charging document, the

terms of a plea agreement or transcript of colloquy between judge and defendant in

which the factual basis for the plea was confirmed by the defendant, or to some

comparable judicial record of this information." <u>Shepard v. United States</u>, 544 U.S. 13,

26 (2005); <u>see also</u> <u>Holloway</u>, 630 F.3d at 256-57.

Here, it appears the only such document in the record regarding petitioner's

2004 A&B conviction is the charging document (in this case, a criminal complaint). That

complaint states only that petitioner "did assault and beat" his victim. Docket # 70, Ex.

A. But <u>Holloway</u> specifically held that the boilerplate "did assault and beat" language is

insufficient to identify the underlying offense as harmful battery rather than merely

reckless battery. <u>See</u> <u>Holloway</u>, 630 F.3d at 260.[9] As such, the present record does not

---

[9] The government argues that <u>Holloway</u> does not apply retroactively on collateral review. That argument is mistaken. New substantive rules of law apply retroactively on collateral review, including "decisions that narrow the scope of a criminal statute by interpreting its terms." <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351 (2004). Here, <u>Holloway</u> effected a substantive change in the law by determining that ACCA does not count a simple Massachusetts A&B conviction, without more, as a predicate offense. Several other circuits have held that similar Supreme Court decisions have retroactive effect. <u>See, e.g.</u>, <u>Lindsey v. United States</u>, 615 F.3d 998, 1000 (8th Cir. 2010); <u>Welch v. United States</u>, 604 F.3d 408, 413-15 (7th Cir. 2010); <u>United States v. Shipp</u>, 589 F.3d 1084, 1088-91 (10th Cir. 2009). The government's attempt to distinguish those cases is unpersuasive.

Moreover, the government cannot properly compare this case to <u>United States v. Giggey</u>, 551 F.3d 27 (1st Cir. 2008). That case dealt with whether non-residential burglary qualifies as a crime of violence under the career offender sentencing guideline. The First Circuit noted there that its decision

show that petitioner's 2004 A&B conviction qualifies as an ACCA predicate offense. If indeed ACCA does not count that conviction, then it does not apply at all, since ACCA requires three predicate offenses and only two others appear on petitioner's record. In that case, petitioner has clearly suffered prejudice in being subjected to ACCA's fifteen-year mandatory minimum—a sentence five years longer than the otherwise applicable ten-year maximum.

Because Holloway was not decided until after petitioner's original sentencing, the government has not yet had an opportunity to introduce other documents showing that petitioner's 2004 A&B conviction was in fact based on a violent felony. Therefore the government, pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings, shall submit within twenty-one days any documents admissible under Shepard to show that petitioner's 2004 A&B conviction qualifies as a violent felony under ACCA.

## III.    Conclusion

For the reasons described above, the government is ORDERED to inform the court within twenty-one days whether it concedes that petitioner is entitled to equitable tolling such that the petition is timely. If it does not so concede, the court will appoint counsel and schedule an evidentiary hearing on the issue.

The government is further ORDERED to submit within twenty-one days any documents admissible under Shepard to show that petitioner's 2004 A&B conviction qualifies as a violent felony under ACCA.

---

was not retroactive because it dealt only with the interpretation of a sentencing guideline, and so "affect[ed] only the procedure by which a district court calculates a defendant's sentence." Id. at 36 n.3. Holloway, by contrast, interpreted ACCA's statutory provisions; rather than simply changing how a defendant's sentence is calculated within a statutory range, it changes which statutory range applies. It is, thus, a substantive statutory ruling. Cf. Apprendi v. New Jersey, 530 U.S. 466, 494 (2000) (facts raising a sentence above the otherwise-authorized statutory maximum are elements of the offense, not sentencing factors).

| May 14, 2013 | /s/Rya W. Zobel |
| --- | --- |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |